SO ORDERED.

SIGNED April 18, 2013.



_____
**HENLEY A. HUNTER**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

IN RE: BETTY R. ALLEN                                     CASE NO: 12-30778

### ORDER WITH REASONS FROM HEARING ON OBJECTION TO CLAIM
### AND ON CONFIRMATION OF THE SECOND AMENDED PLAN

A hearing was held on April 11, 2013, on the Debtor's Objection to Claim No. 7 by Alfred A. Bardin, Jr., (hereinafter, "Bardin") in the amount of $6,502.01 and Responses thereto, (Docs. #44,61), and the Confirmation of Debtor's Second Amended Plan and Bardin's Objection thereto (Docs. #50,60). Present were debtor; debtor's counsel, Mr. Marshall Sanson, Ms. Stacy Guice representing the Standing Chapter 13 Trustee; and Ms. Ashley Burch, for Mr. Bardin. Pursuant to these reasons, the objection is sustained in part, overruled in part, and is fixed pursuant to these reasons. Counsel to debtor having withdrawn the second amended plan at the hearing, confirmation is moot.

Debtor's objection asserts that the Bardin claim is being "paid in full though [sic] the Trustee;" the plan has been amended to "reflect $5,526.77 as the mortgage note;" "the interest rate should be 5% to be paid over 35 months as this is not money purchase agreement;" that 11 U.S.C. §1322(b) is inapplicable in that the loan matures prior to the end of the plan; and finally, that the interest rate of 18% may not be charged by an individual lender.

The First Amended Plan confirmed on August 22, 2012 instructs the Trustee to pay "White Oaks Service" at 207 Malvern St., Monroe, LA, $5,526.77 at 18% interest over the life of the plan and that the house would be paid in full at the end of the plan as per proof of claim. Although an objection to confirmation was filed by Alfred A. Bardin, Jr., on August 9, 2012, an Agreed Order was entered on August 21, 2012 (Doc. #39), in which debtor's counsel and counsel for Bardin agreed: (1) the Bardin claim was over-secured; (2) debtor would pay the Trustee $375.60 for 35 months beginning July 8, 2012; after payment of the Trustee's fee, funds would be disbursed to the payment of attorney fees, and thereafter, toward the balance of the Bardin claim until such claim was paid in full, and then to all other claims; (3) Bardin would retain his mortgage and the claim would continue to bear interest at the contract rate of 18% until paid; and (4) debtor would maintain insurance on the property, providing proof to Bardin at the address of 207 Malvern St., Monroe, LA 71201. Finally, the order authorized Bardin to seek *ex parte* relief from the stay in the event of a default.

Mr. John W. Munsterman, attorney for Bardin, filed no less than five documents in the claims register, ranging in date from July 2, 2012, Claim 7-1, through February 12, 2013. Presumably, Mr. Munsterman is attempting to report interest, attorney fees, and other charges as they accrue, but the claims filed after the 90th day after the first setting for the §341 meeting, i.e. after September 17, 2012, were untimely filed pursuant to F.R.B.P. 3002( c). Using the amended proof of claim as a method to request changes in the payments by the Trustee is not only improper, but also an enormous burden on the Court and the offices of the Standing Chapter 13 Trustee, and it is confusing to the debtor. Payments are authorized per the confirmed plan, to which both the creditor and debtor are bound under 11 U.S.C. §1307. Continually (and untimely) amending the proof of claim ignores the clear (and standard) language in the plan, which contemplates that the trustee will disburse a balance due a secured creditor at the applicable interest rate. Here, the plan provides that the Trustee will pay White Oak (presumably Bardin) $5,526.77 at 18% through the Trustee. Mr. Munsterman's untimely amendments have unnecessarily confused the matter.[1]

---

[1] Mr. Munsterman's filings show accrued interest through September 27, 2010; May 10, 2012; August 9, 2012; and February 11, 2013. Attorney fees have increased from $750.00 as of September 27, 2012, to $1,465.15 as of February 11, 2013. Nothing in these filings supports the increase in the attorney fees, in that, what if anything, Mr. Munsterman did between August 9, 2012, through February 12, 2013, but file untimely claims. The August 9, 2012, filing indicates that interest accrues daily in the amount of

2

Nevertheless, both parties have ignored not only the plan, but also the Agreed Order entered August 21, 2012 , which serves to modify the plan by acknowledging that the Trustee would disburse the payments in the following order: (1) the trustee's fee; (2) the debtor's attorney's fee; (3) and, thereafter, the Bardin claim, until such claim is paid in full. As over-secured, the claim would continue to bear interest at 18%. In point of time, the August 9, 2012, claim reflects a principal balance of $4602.24. Therefore, this Court fixes the White Oak Service at $4,602.24, plus attorney fees of $1275.15, as shown in the August 9, 2012, Claim 7.3. All additional charges for late fees and attorney fees are disallowed. Moreover, since the parties expressly contemplated that the Bardin claim would not be paid until the administrative claims were paid in full, and the later filings by Mr. Munsterman have only caused delay, confusion, and needlessly increased the costs of litigation, the claim shall bear interest from February 1, 2013, the date of the Trustee's first distribution under the plan, until the claim is paid in full. All other charges requested in the claims filed subsequent to the August 9, 2012, filing are disallowed as untimely.

Although at the hearing, the Court had contemplated allowing this creditor to file an annual or periodic Notice of Change in Payment pursuant to F.R.B.P. 3002.1, as contemplated by LBR 3002.1, further review of this record has persuaded the Court that, as the rule applies only to claims secured by the debtor's principal residence and provided for under §1322(b)(5) of the Code, i.e., claims secured by debtor's principal residence which mature *after* the anticipated completion date of a plan, that part of the oral ruling is vacated. Finally, debtor's challenge to the interest rate comes too late, as well as the contention that the claim should not be paid in full as "not purchase money." Confirmation of a plan under the Code binds the creditor and the debtor. 11 U.S.C. §1307. It is also noted that counsel to debtor withdrew the second amended plan at the hearing. The First Amended Plan (Doc. #28) as modified by the Agreed Order (Doc. #39) and these Reasons shall constitute the plan.

# # #

---

$2.2695. This, too, is unnecessary under the terms of the plan. Late fees have increased from $40.60 as of May 10, 2012 (but shown in the July 10, 2012) to $121.80 shown on the February 12, 2013, filing; but the periods the late fees cover are not shown, nor is it clear if they are cumulative.

[2]This language merely mimics the distribution scheme contemplated by 11 U.S.C. §507.